## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

IN RE:      BOSTON SCIENTIFIC CORP.,
            PELVIC REPAIR SYSTEM
            PRODUCTS LIABILITY LITIGATION            MDL No. 2326

THIS DOCUMENT RELATES TO:

*Sandra Stahler v. Boston Scientific Corp.*
Civil Action No. 2:13-cv-09695

### ORDER

Pending before the court is Boston Scientific's Motion for Sanctions [ECF No. 6], to which the plaintiff has not responded. For the reasons stated below, the Motion for Sanctions is **DENIED**.

## I.      Background

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are nearly 70,000 cases currently pending. Managing multidistrict litigation requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' discovery responsibilities. Pretrial Order ("PTO") # 16, for example, provides that each plaintiff in this MDL must submit a Plaintiff Profile Form ("PPF") to act as interrogatory answers under Rule 33 of the Federal Rules of Civil Procedure and responses to requests for production under Rule 34 of the Federal Rules of Civil Procedure. The parties jointly drafted the requirements for PTO # 16, and I entered it as applicable to every one of the thousands of cases in this MDL.

The plaintiff filed her Short Form Complaint on May 1, 2013, and her PPF was due on or before July 1, 2013. To date, the plaintiff has wholly failed to submit a completed PPF. Boston Scientific now moves for sanctions against the plaintiff, requesting a reasonable monetary penalty, dismissal of the plaintiff's case, or both.

## II.   Legal Standard

Rule 37(b)(2) of the Federal Rules of Civil Procedure allows a court to sanction a party for failing to comply with discovery orders. Before levying dismissal or default as a sanction under Rule 37, a court must first consider four factors:

> (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson v. Volkswagon of America, Inc.*, 561 F.2d 494, 503–04 (4th Cir. 1977), *cert. denied*, 434 U.S. 102 (1978)).

In applying these factors to this case, I must be particularly cognizant of the realities of multidistrict litigation and the unique problems an MDL judge faces. Specifically, when handling seven MDLs, each containing thousands of individual cases, case management becomes of utmost importance. *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006) (emphasizing the "enormous" task of an MDL court in "figur[ing] out a way to move thousands of cases toward resolution on the merits while at the same time respecting their individuality"). I must define rules for discovery and then strictly adhere to those rules, with the purpose of ensuring that pretrial litigation flows as smoothly and efficiently as possible. *See id.* at

1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"). In turn, counsel must collaborate with the court "in fashioning workable programmatic procedures" and cooperate with these procedures thereafter. *In re Phenylpropanolamine*, 460 F.3d at 1231–32. Pretrial orders—and the parties' compliance with those orders and their deadlines—"are the engine that drives disposition on the merits." *Id.* at 1232. A "willingness to resort to sanctions" in the event of noncompliance can ensure that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation. *Id.*; *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively. This necessarily includes the power to dismiss cases where litigants do not follow the court's orders.").

## III.    Discussion

PTO # 16 requires each plaintiff to submit a completed PPF within sixty days of filing a Short Form Complaint. Here—as in other MDLs—the purpose of the PPF is "to give each defendant the specific information necessary to defend the case against it . . . [and] without this device, a defendant [is] unable to mount its defense because it [has] no information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint." *In re Phenylpropanolamine*, 460 F.3d at 1234. To this end, PTO # 16 provided that "[a]ny plaintiff who fails to comply with the PPF obligations under this Order may, for good cause shown, be subject to sanctions, to be determined by the court, upon motion of the defendants." PTO # 16 ¶ 1.i.

As of the date of this Order, the plaintiff has not submitted a PPF. Accordingly, Boston Scientific moves for sanctions for this violation of PTO # 16. Applying the *Wilson* factors to these facts and bearing in mind the unique context of multidistrict litigation, I conclude that although recourse such as dismissal under Rule 37 is justified, the plaintiff should be afforded one more chance to comply with discovery before sanctions are imposed.

The first factor, bad faith, is difficult to ascertain, given that the plaintiff has not responded to Boston Scientific's motion. Without question, the plaintiff has an obligation to actively pursue her case. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 n.10 (1962) ("[A] civil plaintiff may be deprived of his claim if he failed to see to it that his lawyer acted with dispatch in the prosecution of his lawsuit."). Furthermore, "[a]ll attorneys representing parties to this litigation . . . bear the responsibility to represent their individual client or clients." PTO # 4 ¶ C. This includes awareness of and good faith attempts at compliance with all PTOs and other court orders. PTO # 16—*which was jointly drafted by the leadership counsel of both parties*—expressly states that failure to timely submit a PPF could result in sanctions. The plaintiff nevertheless failed to comply. Although these failures do not appear to be callous, the fact that they were blatant and in full knowledge of the court's orders and discovery deadlines leads me to weigh the first factor against the plaintiff. *See In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) ("While not contumacious, perhaps, this is a blatant disregard for the deadlines and procedure imposed by the court, [and t]herefore, we conclude that the [plaintiffs] did not act in good faith.").

The second factor—prejudice caused by noncompliance—also leans toward the order of sanctions. Without a PPF, Boston Scientific is "unable to mount its defense because it [has] no information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint."

*In re Phenylpropanolamine*, 460 F.3d at 1234. Furthermore, because Ethicon has had to divert its attention away from timely plaintiffs and onto an individual untimely plaintiff, the delay has unfairly impacted the progress of the remaining plaintiffs in this MDL.

The adverse effect on the management of the MDL as a whole segues to the third factor, the need to deter this sort of noncompliance. When parties fail to comply with deadlines provided in pretrial orders, a domino effect develops, resulting in the disruption of other MDL cases. A number of plaintiffs in this MDL have failed to supply a PPF. Consequently, the court expects to have to evaluate and dispose of numerous motions similar to the one at bar, thereby directing its time and resources to noncompliant plaintiffs at the expense of other plaintiffs in this MDL. This cumbersome pattern goes against the purpose of MDL procedure, and I must deter any behavior that would allow it to continue. *See* H.R. Rep. No. 90-1130, at 1 (1967), *reprinted in* 1968 U.S.C.C.A.N. 1898, 1901 (stating that the purpose of establishing MDLs is to "assure the uniform and expeditious treatment" of the included cases).

*Wilson*'s fourth factor directs the court to consider the effectiveness of lesser sanctions. Accordingly, rather than imposing monetary sanctions or immediate dismissal at this time, the court opts for a lesser sanction and allows the plaintiff one more chance to comply with PTO # 16 subject to dismissal with prejudice upon motion by the defendant, if she fails to do so. This course of action is consistent with PTO # 16, which warned plaintiffs of the possibility of dismissal upon failure to submit a timely PPF. PTO # 16 ¶ 1.g ("If a plaintiff does not submit a PPF within the time specified in this Order, defendants may move immediately to dismiss that plaintiff's case without first resorting to [the specified] deficiency cure procedures.").

**IV.      Conclusion**

It is **ORDERED** that Boston Scientific's Motion for Sanctions [ECF No. 6] is **DENIED**. It is further **ORDERED** that the plaintiff has **30 business days** from the entry of this Order to submit to Boston Scientific a completed PPF. Failure to comply with this Order will result in dismissal with prejudice upon motion by the defendant. Finally, it is **ORDERED** that plaintiff's counsel send a copy of this Order to the plaintiff via certified mail, return receipt requested, and file a copy of the receipt.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        October 13, 2015

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE